UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

===================================

ANTHONY AREIZAGA individually and
on behalf of all others similarly situated

                        Plaintiff,

-against-

JEFFREY G. LERMAN, P.C.

                        Defendant.

===================================

## CLASS ACTION COMPLAINT

### *I. Introduction*

Now comes Plaintiff, by and through his attorneys, and, for his Complaint alleges as follows:

1.    Plaintiff Anthony Areizaga brings this action to secure redress from unlawful collection practices engaged in by Defendant Jeffrey G. Lerman, P.C.

2.    Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

3.    The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. Section 1692d, 1692e and 1692f.

## II. Parties

4. Plaintiff is a citizen of the State of New York who resides within this District.

5. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

6. Upon information and belief, Defendant's principal place of business is located in Mineola, New York.

7. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

8. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## III. Jurisdiction and Venue

9. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## IV. Allegations

11. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

12. On or about February 3, 2017, Jeffrey G. Lerman, P.C. sent a collection letter to the Plaintiff Anthony Areizaga. (see attached exhibit)

13. The Defendant sought to collect a balance of $510.00, purportedly owed to Park Slope Emergency Physician Services, P.C.

14. At the time of the said visit, Park Slope Emergency Physician Services already had in its possession, information about the Plaintiff's Medicaid eligibility.

15. The Defendant knew or should have known that a medical provider who participates in the Medicaid program is barred from seeking any balance unpaid by Medicaid, under both Federal and New York State law.

16. The Plaintiff is a welfare recipient; the Plaintiff had submitted his insurance information to the hospital and therefore, under New York and Federal Law, it was illegal for the Defendant to collect on this debt.

17. Upon information and belief, the Defendant was fully aware that the balance had already been covered by Medicaid, yet the Defendant continued to seek payment from the Plaintiff.

18. The said debt was therefore non-existent as the Plaintiff did not owe the balance.

19. The Defendant deceptively engaged in illegal balance billing by seeking to collect on the said account.

20. Medicaid itself, informed the Plaintiff that the charges for those alleged medical services rendered had been resolved.

21. The account that the Defendant was seeking to collect upon was non-existent; the Defendant made the Plaintiff believe that he in fact owed such an amount when it was not the case.

22. The Plaintiff did not request any medical services which would not be

entirely covered by his medical insurance or which would result in any fee obligation.

23. A valid debt for medical services "only rests upon a showing by the provider that the services were performed and accepted with the understanding on both sides that there was a fee obligation." *Shapira v United Med. Serv.*, 15 NY2d 200, 210, 205 NE2d 293, 257 NYS2d 150 (Court of Appeals of New York 1965); *Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP*, No. 16-2165-cv, 2017 BL 407422 (2d Cir. Nov. 14, 2017) ("[S]ection 1692f contains a non-exhaustive list of unfair practices, including the collection of an invalid debt.")

24. Section 1692e of the FDCPA states:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of –
>
> (A) the character, amount, or legal status of any debt."

25. Section 1692(f) of the FDCPA states:

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

26. The Plaintiff alleges and avers that Defendant misrepresented the legal status of the alleged debt, as the debt was not owed by the Plaintiff.[1]

---

[1] See *Lee v. Kucker & Bruh, LLP*, 2013 U.S. Dist. LEXIS 110363, 2013 WL 3982427 (S.D.N.Y. Aug. 2, 2013) ("Defendants argue that they are not liable for violating the FDCPA because they did not know that they were misrepresenting that Mr. Lee's account was delinquent. ([Footnote 1] Defendants rely on

27. The Plaintiff alleges and avers that Defendant violated 15 U.S.C. §§ 1692e(2)(A) and 1692f(1) of the FDCPA for the false representation of the character, amount, or legal status of the debt, and for collecting on a debt which was not expressly authorized by the agreement creating the debt or permitted by law.

28. The said February 3, 2017 collection letter further communicating to the least sophisticated consumer that the communication came from a law firm in a practical sense violating Section 1692e(3).[2]

29. The FDCPA prohibits the use of any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. It enumerates a non-exhaustive list of sixteen debt-collection practices that run afoul of this proscription, including "the false representation or implication that [a] communication is from an attorney." Id. § 1692e(3).

30. The Second circuit has held that a debt-collection letter from a law firm or lawyer violates Section 1692e(3) if an attorney was not "directly and personally involved" with the debtor's account — such as by reviewing the debtor's file — before

---

the decision in *Stonehart v. Rosenthal*, No. 01 Civ. 651, 2001 U.S. Dist. LEXIS 11566, 2001 WL 910771, at *6 (S.D.N.Y. Aug. 13, 2001) (holding that to "state a claim under § 1692e(2) of the FDCPA, [the plaintiff] must show that [the debt collector] knowingly misrepresented the amount of the debt"), and similar district court cases inside and outside this circuit. These cases, however, are at odds with binding Second Circuit precedent. See also *Goldman v. Cohen*, No. 01 Civ. 5952, 2004 U.S. Dist. LEXIS 25517, 2004 WL 2937793, at *10, n.11 (S.D.N.Y. Dec. 17, 2004), aff'd on other grounds, 445 F.3d 152 (2d Cir. 2006) (concluding that analysis in *Stonehart* contradicts the plain language of 1692k(c) and the law as stated by the Second Circuit). This argument is contrary to binding Second Circuit precedent. The Defendants here are strictly liable for their violation of § 1692e. This Court holds that the misrepresentation in the Three Day Notice, the Verification and the Petition for summary nonpayment eviction of a debt supposedly owed by Mr. Lee for rent and fuel charges, when in fact he was current on his payments, is a violation of § 1692e(2)(A).")

[2] *Reade-Alvarez v. Eltman, Eltman & Cooper, P.C.*, 369 F. Supp. 2d 353, 2005 U.S. Dist. LEXIS 8472 (E.D.N.Y. 2005). (Computer generated "mass mailing" of tax season settlement letter on a law firm letterhead lacking any disclaimer and without an attorney conducting any meaningful review states a claim for relief under Section 1692e(3).); *Suquilanda v. Cohen & Slamowitz, LLP*, 2011 U.S. Dist. LEXIS 102727 (S.D.N.Y. Sept. 7, 2011) (Same); *Cordes v. Frederick J. Hanna & Assocs., P.C.*, 789 F. Supp. 2d 1173, 2011 U.S. Dist. LEXIS 61222 (D. Minn. 2011) (same)

the letter was sent.[3]

31. The Second Circuit confronted similar facts in *Clomon*. There, the attorney Defendant approved the form of dunning letters sent by a collection agency and also "approved the procedures according to which th[e] letters were sent."988 F.2d at 1317. He did not have any specific involvement with each debtor's account, however, such as reviewing the debtor's file or the particular letter being mailed. Id. The Second Circuit concluded that the challenged letters, despite bearing the Defendant attorney's signature, violated Section 15 U.S.C. 1692e(3) because, although literally "from" an attorney, they "were not `from' [him] in any meaningful sense of that word." Id. at 1320; accord, e.g., *Avila*, 84 F.3d at 229. The same result is obtained here.

32. Although Jeffrey G. Lerman, P.C. may technically be a law firm, it was not acting in the capacity of a law firm with respect to the said letters. The inclusion of "Law Office" is therefore materially deceptive and misleading in that it communicates to the least sophisticated consumer that the communication came from a law firm in a practical sense, when it did not.

33. If Jeffrey G. Lerman, P.C. desires to take advantage of the additional collection leverage provided by the use of a law firm's name in connection with purely debt-collection related activities, it is free to do so under the law of the Second Circuit so long as its each and every one of its standardized communications including letters

---

[3] *Clomon v. Jackson.*, 988 F.2d 1314, 1320-21 (2d Cir. 1993); See, e.g., *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1237-38 (5th Cir. 1997); *Avila v. Rubin*, 84 F.3d 222, 229 (7th Cir. 1996); *Martsolf v. JBC Legal Grp., P.C.*, No. 1:04-CV-1346, 2008 WL 275719, at *7 (M.D. Pa. Jan. 30, 2008); *Sonmore v. Checkrite Recovery Servs., Inc.*, 187 F. Supp. 2d 1128, 1133 (D. Minn. 2001) (Alsop, J.), See also *Suquilanda v. Cohen & Slamowitz LLP.*, No. 1:10-cv-05868 (S.D.N.Y. SEP 08, 2011). ("Absent any disclaimer and without an attorney conducting any meaningful review, using a "Law Office" Letterhead States a Claim for Relief under Section 1692e(3).")

and voice mail messages do not give the least sophisticated consumer the impression that the communications are from an attorney or law firm in the practical sense.[4]

34. The Defendant printed and mailed, or caused to be printed and mailed, a letter to Plaintiff in an effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due an original creditor other than Defendant and which Defendant acquired after such obligation or alleged obligation was charged-off or was in default. A true and correct copy of Defendant's communication is attached hereto.

35. Defendant, as a matter of pattern and practice, mails letters, or causes the mailing of letters, to debtors using language substantially similar or materially identical to that utilized by Defendant in mailing the above-cited letter to Plaintiff.

36. Defendant mails, or causes the mailing of, thousands of collection letters like the one sent Plaintiff without conducting any meaningful review of the accounts.

37. The letters the Defendant mails, or causes to be mailed, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, mailing houses, and electronic databases.

38. The said letter is a standardized form letter.

39. Defendant violated 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10) for indicating that the communication came from a law firm in a practical sense and for

---

[4] See e.g. Clomon v Jackson, 988 F2d 1314, 1320 (2d Cir. 1993); See e.g. *Gonzalez v. Kay,* 577 F.3d 600 (5th Cir. 2009) ("Debt collectors acting solely as debt collectors must not send the message that a lawyer is involved, because this deceptively sends the message that the 'price of poker has gone up."), See also *Sparkman v. Zwicker & Assocs., P.C.*, 374 F. Supp. 2d 293 (E.D.N.Y.2005) (The court found that the collector's letter with text on the front and back regarding attorney involvement was confusing to the least sophisticated consumer and violated § 1692e.); *Suquilanda v. Cohen & Slamowitz, LLP* No. 1:10-cv-05868 (S.D.N.Y. SEP 08, 2011) ("Absent any disclaimer and without an attorney conducting any meaningful review, using a "Law Office" Letterhead States a Claim for Relief under Section 1692e(3)".)

failing to qualify that the debt had not been reviewed by an attorney.

40. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

41. Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

42. The Plaintiff alleges and avers that Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

43. The Plaintiff alleges and avers that Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

44. The Plaintiff alleges and avers that Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

45. The Plaintiff alleges and avers that Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

46. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Plaintiff alleges and avers that Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

47. These deceptive communications additionally violated the FDCPA since

they frustrate the consumer's ability to intelligently choose his or her response.

48. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

### V. Class Allegations

49. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

50. The identities of all class members are readily ascertainable from the records of Jeffrey G. Lerman, P.C. and those business and governmental entities on whose behalf it attempts to collect debts.

51. Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of Jeffrey G. Lerman, P.C., and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

52. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

53. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

54. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

55. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter.

Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

56. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the FDCPA, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

57. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

58. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

59. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

### *VI.  Cause of Action*

60. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

61. This cause of action is brought on behalf of Plaintiff and the members of a class of whom Defendant's records reflect resided in the State of New York:

   a) who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff, within one year prior to the date of the within complaint up to and including the date of the filing of this complaint;

   b) the collection letter was sent to a consumer seeking payment of a personal debt;

   c) the collection letter was not returned by the postal service as undelivered;

   d) the Plaintiff alleges and avers that the letter contained violations of 15 U.S.C. §§ 1692e(2)(A) and 1692f(1) of the FDCPA for the false representation of the character, amount, or legal status of the debt, and for collecting on a debt which was not expressly authorized by the agreement creating the debt or permitted by law.

62. This cause of action is brought on behalf of Plaintiff and the members of an additional class of whom Defendant's records reflect resided in the State of New York:

    a) who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff, within one year prior to the date of the within complaint up to and including the date of the filing of this complaint;

    b) the collection letter was sent to a consumer seeking payment of a personal debt;

    c) that the collection letter used an attorney letter head which represented that the letter was sent from a law firm in a practical sense, but which failed to qualify that the debt had not been reviewed by an attorney; and

    d) the collection letter was not returned by the postal service as undelivered; and

    e) the Plaintiff alleges and avers that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10).

### *VII.  Violations of the Fair Debt Collection Practices Act*

63. The Defendant's actions as set forth above in the within complaint violates the FDCPA.

64. Because the Defendant violated the FDCPA, the Plaintiff and the members of the class are entitled to damages in accordance with the FDCPA.

65. As a direct and proximate result of these violations of the above FDCPA violations, Plaintiff and class members have suffered harm and are entitled to

preliminary and permanent injunctive relief, and to recover statutory damages, costs and attorney's fees.

### VIII. Jury Demand

66. Plaintiff demands a trial by jury.

### IX. Prayer for Relief

67. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

1) Statutory damages under the FDCPA, 15 U.S.C. § 1692(k);

2) Attorney fees, litigation expenses and costs of suit;

3) An order enjoining and directing Defendant to comply with the FDCPA in its debt collection activities; and

4) Such other and further relief as the Court deems proper.

Dated: Brooklyn, New York
January 30, 2018

/s/ David Palace
**Law Offices of David Palace** (DP 3855)
383 Kingston Ave. #113
Brooklyn, New York 11213
Telephone: 347-651-1077
Facsimile: 347-464-0012

# LAW OFFICE OF
# JEFFREY G. LERMAN, P.C.

THE BENCHMARK BUILDING • 170 Old Country Road - Suite 600 • Mineola, New York 11501
TEL (516) 742-9282 • FAX (516) 742-3604 • e-mail: jlerman@jeffreylerman.com

February 3, 2017

OF COUNSEL

AARON L. LEBENGER
RANDY M. STEIN
DOUGLAS D. VIVIANI

Mr. Anthony Areizaga
**Redacted**

| Re: | Our Client | : Park Slope Emergency Physician Services, P.C. |
|---|---|---|
|  | Patient | : Areizaga, Anthony |
|  | Account Number | : **Redacted**55 |
|  | Date of Treatment | : 06/22/16 |
|  | Original Charge | : $510.00 |
|  | Balance | : $510.00 |

Dear Mr. Areizaga:

Kindly recall that your above referenced past due account has been referred to this office by our client, Park Slope Emergency Physician Services, P.C., the originating creditor.

As you are aware from my previous correspondence, my client and this office have notified you of your past due account. Our records show that your balance remains unpaid. Our client expects to be compensated for services rendered. Accordingly, please issue payment, payable to our client, for the balance set forth above and mail your payment directly to our office. A self-addressed return envelope is enclosed for your convenience. Please provide your payment by **MONDAY, FEBRUARY 13, 2017**.

This communication is from a debt collector in an attempt to collect a debt. Any information obtained will be used for that purpose. If you have any further questions, you may contact the undersigned at (516) 742-9282.

Very truly yours,

Jeffrey G. Lerman, Esq.

NOTE: IF YOU WISH TO PAY BY CREDIT CARD, PLEASE SEE REVERSE SIDE.